IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL CARD,<br><br>   Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | MEMORANDUM DECISION AND ORDER DISMISING § 2255 PETITION<br><br>Case No. 2:16CV710 DAK<br><br>Judge Dale A. Kimball |

  This matter is before the court on Petitioner Daniel Card's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[1] On December 12, 2000, a jury convicted Mr. Card on two counts of credit union robbery in violation of 18 USC § 2113(a), (d), and two counts of carrying a firearm during the robberies, in violation of 18 USC § 924(c).  The § 924(c) convictions were based on the violations of 18 U.S.C. § 2113(a), (d). On June 12, 2001, the court sentenced Mr. Card to 406 months in prison.

  In his petition, Mr. Card argues that his § 924(c) convictions should be vacated because credit union robbery cannot be classified categorically as a crime of violence under *Davis v. United States*.[2] He contends that without the residual clause, his robbery convictions cannot be crimes of violence because they do not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another," as required by §

---

[1] The Tenth Circuit authorized the filing of this amended, successive § 2255 petition on November 27, 2019.
[2] 139 S.Ct. 2319, 2336 (2019).

924(c)(3)(A). Therefore, he argues, he is innocent of the § 924(c) offenses, and his convictions are void.

The United States argues, both in its opposition memorandum and in its sur-reply memorandum that Mr. Card has not met his burden of establishing that the district court relied on the residual clause in § 924(c)(3)(B) and, therefore, he cannot meet the second gatekeeping requirement for his third § 2255 motion. Additionally, and in any event, the United States reasons that federal armed credit union robberies, the predicates for Mr. Card's § 924(c) convictions, are categorically crimes of violence under the elements clause in § 924(c)(3)(A) and that Mr. Card has not provided any explanation for how this court could fail to apply binding precedent to the merits of his claim.

The court agrees with the United States. For all the reasons set forth in the United States' sur-reply memorandum, the court must dismiss Mr. Card's § 2255 petition.

### RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[3]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)).  The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Thus,

---

[3] *See* Rules Governing Section 2255 Proceedings for the United States District Courts.

the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Card's § 2255 petition is DISMISSED, and a Certificate of Appealability will not issue.

DATED this 7th day of March, 2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge